STATE OF OKLAHOMA
COUNTY OF MUSKOGEE
FILED
2013 MAR 22 AM 9:36
PAULA SEXTON
COURT CLERK

## IN THE DISTRICT COURT OF MUSKOGEE COUNTY
## STATE OF OKLAHOMA

NEIL SCHATTIN, )
)
Plaintiff, )
)
v. ) Case No.:
) JURY TRIAL DEMANDED
DAL-ITALIA, LLC, a ) ATTORNEY LIEN CLAIMED
A Wholly Owned Subsidiary of )
MOHAWK INDUSTRIES, INC. )
)
Defendant. )

### PETITION

COMES NOW Plaintiff, Neil Schattin, for his claims against Defendant, Dal-Italia, LLC, a wholly owned subsidiary of Mohawk Industries, Inc., alleges and states as follows:

#### PARTIES, JURISDICTION AND VENUE

1. Plaintiff currently resides in the state of Alabama.

2. Defendant Dal-Italia, LLC, is a wholly owned subsidiary of Mohawk Industries that owns and operates a manufacturing facility in Muskogee County, State of Oklahoma.

3. Defendant is engaged in an industry affecting commerce and during all times herein employed more than twenty (20) employees.

4. The incidents and occurrences, which form the basis of Plaintiff's claims occurred in Muskogee County, State of Oklahoma.

5. As such, this Court has jurisdiction and venue is proper in Muskogee County, State of Oklahoma.

6. As required by 29 U.S.C. §626(d), Plaintiff timely filed a charge of age discrimination with the Equal Employment Opportunity Commission more than sixty

1


EXHIBIT C

(60) days before the filing of this Petition. As such, all conditions precedent to the filing of this lawsuit have been fulfilled.

7. Plaintiff alleges that Defendant denied him a promotion and discharged him from employment because of his age in violation of the Age Discrimination in Employment Act (29 U.S.C. § 621 *et seq.*).

8. Front and back pay are sought pursuant to 29 U.S.C. § 626 and 29 U.S.C. § 216.

9. Liquidated damages are sought pursuant to 29 U.S.C. § 626 and 29 U.S.C. § 216.

10. Punitive damages are sought pursuant to 23 O.S. § 9.1.

11. Costs and attorney's fees may be awarded pursuant to 29 U.S.C. § 626 and 29 U.S.C. § 216.

## FACTS COMMON TO ALL CLAIMS

12. Plaintiff incorporates the previous paragraphs as if realleged.

13. Plaintiff is a sixty-one (61) year old male.

14. From on or about March 17, 2008 until on or about July 31, 2012, Defendant employed Plaintiff as the Director of Technical Services at Defendant's manufacturing facility in Muskogee, Oklahoma.

15. On or about February 20, 2012, Plaintiff applied for an open Plant Manager position at Defendant's manufacturing facility in Muskogee, Oklahoma.

16. Defendant hired a much younger individual who did not even meet the minimum qualifications for the position.

17. Defendant denied Plaintiff's application for the open Plant Manager Position because of his age.

18. In April 2012, Defendant met with Plaintiff and others in the glaze laboratory of Defendant's plant in Muskogee, Oklahoma.

19. During this meeting, Defendant, out of the blue, asked Plaintiff how old he was and Plaintiff, believing he had no choice but to answer, informed Defendant of his age.

20. Defendant did not ask nor require any other employee to disclose his or her age.

21. On or about July 31, 2012, Defendant discharged the Plaintiff from his employment because of his age.

22. Defendant's violations of the Age Discrimination in Employment Act were willful, entitling Plaintiff to an award of liquidated damages.

## FIRST CLAIM FOR RELIEF
## DISCRIMINATION BASED UPON AGE IN VIOLATION OF THE ADEA

23. Plaintiff incorporates the preceding paragraphs as if realleged.

24. By treating Plaintiff differently than less qualified employees, under the age of forty (40) years of age, denying Plaintiff a promotion and ultimately terminating his employment based upon his age, Defendant has violated the Age Discrimination in Employment Act of 1967.

WHEREFORE, Plaintiff prays for judgment against Defendant for:

a. Back pay and lost benefits; front pay;
b. Liquidated damages;
d. His attorney fees and the costs and expenses of this action;
e. Such other relief as the Court deems just and equitable.

## SECOND CLAIM FOR RELIEF
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

25. Plaintiff incorporates the preceding paragraphs as if realleged.

26. Defendant's actions of intentional and malicious discrimination are extreme and outrageous and have caused severe emotional and psychological damage to Plaintiff.

WHEREFORE, Plaintiff prays for judgment against Defendant for:

a. Back pay and lost benefits; front pay until normal retirement;
b. Compensatory damages for his mental anguish, pain and suffering and other non-pecuniary losses;
c. Punitive damages for the intentional and knowing acts of discrimination committed by Defendant's management and executives;
d. His attorney fees and the costs and expenses of this action;
e. Such other relief as the Court deems just and equitable.

WHEREFORE Plaintiff prays for judgment against Defendant in the amount of his lost back pay and future pay, liquidated damages, punitive damages, attorney's fees and costs. Plaintiff further prays for any other legal or equitable remedy deemed appropriate by this Court, including but not limited to, reinstatement, promotion and injunctive relief.

Respectfully submitted,
SMOLEN, SMOLEN & ROYTMAN, PLLC

_____
David A. Warta, OBA No. 20361
N. Grant Jackson, OBA No. 31104
701 South Cincinnati Avenue
Tulsa, OK 74119
P: (918) 585-2667
F: (918) 585-2669
*Attorneys for Plaintiff*